UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELIZABETH JUN, on behalf of herself and all others similarly situated,<br><br>            Plaintiff,<br><br>v.<br><br>JP MORGAN CHASE BANK, N.A., and CHASE BANK USA, N.A.<br><br>            Defendants. | Case No. 1:15-cv-3773<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227 *ET SEQ*. (TELEPHONE CONSUMER PROTECTION ACT)**<br><br>CLASS ACTION<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Elizabeth Jun (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of her counsel, and on information and belief as follows:

### NATURE OF ACTION

1. Plaintiff brings this action for damages, and other legal and equitable remedies, resulting from the illegal actions of JP Morgan Chase Bank, N.A. and Chase Bank USA, N.A. (collectively "Chase") in contacting Plaintiff and Class Members on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, and the Federal Communication Commission rules promulgated thereunder, 47 C.F.R. § 64.1200 (hereinafter referred to as the "TCPA").

2. On July 2, 2007, the Federal Communications Commission ("FCC" or "Commission") issued a citation to Chase for violations of the TCPA, admonishing Chase that "[i]f, after receipt of this citation, you violate the Communications Act or the Commission's rules

in any manner described herein, the Commission may impose monetary forfeitures not to exceed $11,000 for each such violation or each day of a continuing violation."

3. Chase nonetheless continued to make automated calls. As a result, Chase has already been sued for, and has settled on a classwide basis, multiple class action lawsuits alleging precisely the behavior described herein.

4. Notwithstanding these prior violations of the TCPA, the FCC's citation, and the prior class action lawsuits and settlements, Chase has violated the TCPA by contacting Plaintiff and Class members on their cellular telephones via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and/or by using "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A), without their prior express consent within the meaning of the TCPA.

5. Plaintiff brings this action for injunctive relief and statutory damages resulting from Chase's illegal actions.

## JURISDICTION AND VENUE

6. This matter in controversy exceeds $5,000,000, as each member of the proposed Class of thousands is entitled to up to $1,500.00 in statutory damages for each call that has violated the TCPA. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). Further, Plaintiffs allege a national class, which will result in at least one Class member belonging to a different state. Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

7. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

8. This Court has personal jurisdiction over Chase because Chase's retail and commercial banking headquarters is located in Chicago, Illinois. Chase is therefore a resident of the State of Illinois for purposes of personal jurisdiction.

9. Venue is proper in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1441(a) because Chase is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced and Chase's contacts with this District are sufficient to subject it to personal jurisdiction.

## PARTIES

10. Plaintiff Elizabeth Jun is and at all times mentioned herein was, an individual citizen of the State of New Jersey.

11. Defendant JP Morgan Chase Bank, N.A., is a chartered national bank that is a wholly-owned subsidiary of, and the primary retail and commercial banking arm of, JP Morgan Chase & Co. JP Morgan Chase Bank, N.A. is the largest bank in the United States and has branches in this District. JP Morgan Chase Bank, N.A. offers its customers deposit accounts and debit cards linked to deposit accounts. Defendant JP Morgan Chase Bank, N.A., has its headquarters and principal place of business at 10 South Dearborn Street, Chicago, Illinois.

12. Defendant Chase Bank USA, N.A., is a chartered national bank that is a wholly-owned subsidiary of JP Morgan Chase & Co. Chase Bank USA, N.A. is one of the largest banks in the world and has customers in this District. Chase Bank USA, N.A. offers its customers credit cards.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

13. In 1991, Congress enacted the TCPA,[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

14. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii)

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*

prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

15. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

16. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party.[4] The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."[5]

17. In the same Declaratory Ruling, the FCC emphasized that creditors and their third party debt collectors are liable under the TCPA for debt collection calls made on the creditors' behalf. ("A creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call... A third party collector may also be liable for a violation of the Commission's rules.").

---

[2] 47 U.S.C. § 227(b)(1)(A)(iii).

[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

[4] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("*FCC Declaratory Ruling*"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

[5] *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).

18. As such, Chase, as the primary creditor, may be held directly liable under the TCPA, even if the calls were placed by a third-party collector acting on its behalf.

## FACTUAL ALLEGATIONS

19. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

20. On or around October 8, 2007, Plaintiff applied for and obtained a "Chase Slate" credit card. Upon information and belief, Plaintiff did not list her then-current cellular telephone number on the application for the credit card. Therefore, Plaintiff did not give Chase her prior express consent to contact her on her then-current cell phone number with an autodialer and/or with a prerecorded or artificial voice during the transaction that gave rise to the debt owed. Indeed, as of April 17, 2015, Chase's customer profile for Plaintiff listed her home and work telephone numbers, but not her cell phone number.

21. Beginning no later than February 3, 2015, Plaintiff received calls on her cell phone from non-party debt collector Allied Interstate, LLC ("Allied"). Allied is a debt collector that collects on behalf of, among others, Chase.

22. On information and belief, Allied routinely used a predictive dialing system to make debt collection calls to account holders, including calls to cellular telephones. Another Court has recently held that Allied's predictive dialing system is an automated telephone dialing system for purposes of the TCPA. *Morse v. Allied Interstate, LLC,* No. 3:13-cv-00625, slip op. at 7-8 (M.D.Pa. Dec. 10, 2014).

23. Plaintiff received automated phone calls to her cellular telephone from telephone number 877-488-3558, as identified by Plaintiff's caller identification system, numerous times in February 2015.

24. On or about February 23, 2015, Plaintiff contacted Allied. Plaintiff was informed by Allied that it was calling on behalf of Chase in an attempt to collect on Plaintiff's Chase account.

25. Furthermore, when Plaintiff asked how Allied (and/or Chase) had obtained her cellular telephone number, Allied informed her that it had a "special department" that tracked down cellular telephone numbers belonging to individuals from whom it was attempting to collect debts. This process of finding the cellular telephone numbers of debtors is commonly known as "skip-tracing" and in the debt collection industry.

26. Chase is, and at all times mentioned herein was, a "person", as defined by 47 U.S.C. § 153(39).

27. Pursuant to FCC Rulings and relevant case law, Chase is subject to direct liability for the TCPA violations of its debt collectors when such third parties make debt collection calls on behalf of Chase.

28. All telephone contact on behalf of Chase to Plaintiff on her cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and/or used "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A).

29. The telephone number on which Plaintiff was contacted on behalf of Chase with an "artificial or prerecorded voice" and/or made by an "automatic telephone dialing system," was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

30. Plaintiff did not provide her "prior express consent" allowing Chase or its debt collectors to place telephone calls to Plaintiff's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

31. Telephone calls made to Plaintiff's cellular phone on behalf of Chase were not "for emergency purposes" as described in 47 U.S.C. § 227(b)(1)(A).

32. Telephone calls to Plaintiff's cellular phone on behalf of Chase utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system" for

non-emergency purposes and in the absence of Plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

33. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Chase to demonstrate that Plaintiff provided it with prior express consent within the meaning of the statute.[6]

## CLASS ACTION ALLEGATIONS

34. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated (hereinafter referred to as "the Class").

35. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> All persons who have or had an account with Chase, within the United States, who, on or after January 1, 2014, Chase or any of its debt collectors called on a cell phone number using used an automatic telephone dialing system and/or an artificial or prerecorded voice, where the person's cell phone number does not appear on his or her application for credit.

Collectively, these persons will be referred to as "Class members." Plaintiff represents, and is a member of, the Class. Excluded from the Class are Chase and any entities in which Chase has a controlling interest, Chase's agents and employees, any Judge to whom this action is assigned and any member of such Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

36. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes that Class members number at minimum in the thousands.

37. Plaintiff and all members of the Class have been harmed by the acts of Chase, because their privacy has been violated, they were subject to annoying and harassing calls that constitute a nuisance, and they were charged for incoming calls.

---

[6] *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

38. This Class Action Complaint seeks injunctive relief and money damages.

39. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The Class can be identified easily through records maintained by Chase.

40. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual Class members. Those common questions of law and fact include, but are not limited to, the following:

    a. Whether non-emergency calls made to Plaintiff and Class members' cellular telephones used an automatic telephone dialing system and/or an artificial or prerecorded voice;

    b. Whether such calls were made by or on behalf of Chase;

    c. Whether Chase can meet its burden of showing it obtained prior express consent (*i.e.*, consent that is clearly and unmistakably stated), during the transaction that resulted in the debt owed, to make such calls;

    d. Whether Chase's conduct was knowing and/or willful;

    e. Whether Chase is liable for damages, and the amount of such damages; and

    f. Whether Chase should be enjoined from engaging in such conduct in the future.

41. As a person who received numerous and repeated telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice, without their prior express consent within the meaning of the TCPA and Rules, Plaintiff asserts claims that are typical of each Class member. Plaintiff will fairly and adequately represent and protect the interests of the Class, and have no interests which are antagonistic to any member of the Class.

1243437.1

42. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes, including claims under the TCPA.

43. A class action is the superior method for the fair and efficient adjudication of this controversy. Classwide relief is essential to compel Chase to comply with the TCPA. The interest of Class members in individually controlling the prosecution of separate claims against Chase is small because the statutory damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the Class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

44. Chase has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

### FIRST COUNT

#### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ*.

45. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

46. The foregoing acts and omissions of Chase constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

47. As a result of Chase's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and each member of the Class are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

48. Plaintiff and all Class members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future. Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

## SECOND COUNT

### STATUTORY VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 *ET SEQ.*

49. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

50. The foregoing acts and omissions of Chase constitute numerous and multiple violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 *et seq.*

51. As a result of Chase's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

52. Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting Chase's violation of the TCPA in the future.

53. Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all Class members the following relief against Chase:

A. Injunctive relief prohibiting such violations of the TCPA by Chase in the future;

B. As a result of Chase's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member treble damages, as provided by statute, of up to

$1,500.00 for each and every call that violated the TCPA;

  C. As a result of Chase's violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $500.00 in statutory damages for each and every call that violated the TCPA;

  D. An award of attorneys' fees and costs to counsel for Plaintiff and the Class;

  E. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class and Subclasses, and appointing the lawyers and law firms representing Plaintiffs as counsel for the Class and Subclasses;

  F. Such other relief as the Court deems just and proper.


Dated:  April 29, 2015    By:  */s/ Jonathan D. Selbin*

            LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
            Jonathan D. Selbin (California State Bar No. 170222;
            admitted to the N.D. Ill. general bar)
            Email:  jselbin@lchb.com
            250 Hudson Street, 8th Floor
            New York, NY  10013
            Telephone:  (212) 355-9500
            Facsimile:  (212) 355-9592

            LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
            Daniel M. Hutchinson (California State Bar No. 239458;
            admitted to the N.D. Ill. general bar)
            Email:  dhutchinson@lchb.com
            275 Battery Street, 29th Floor
            San Francisco, CA 94111-3339
            Telephone:  (415) 956-1000
            Facsimile:  (415) 956-1008

1243437.1

MEYER WILSON CO., LPA
Matthew R. Wilson (Ohio State Bar No. 0072925;
admitted to the N.D. Ill. general bar)
Email: mwilson@meyerwilson.com
Michael J. Boyle, Jr. (Ohio State Bar No. 0091162;
admitted to the N.D.Ill. general bar)
Email: mboyle@meyerwilson.com
1320 Dublin Road, Ste. 100
Columbus, OH 43215
Telephone: (614) 224-6000
Facsimile: (614) 224-6066

KIM LAW FIRM LLC
Yongmoon Kim (*pro hac vice* to be filed)
Email: ykim@kimlf.com
411 Hackensack Avenue, 2nd Floor
Hackensack, NJ 07601
Telephone: (201) 273-7117
Facsimile: (201) 273-7117

Laurel G. Bellows
lbellows@bellowslaw.com
Schuyler D. Geller
sgeller@bellowspc.com
BELLOWS & BELLOWS P.C.
The Rookery Building
209 South LaSalle Street, Suite 800
Chicago, IL 60604
Telephone: (312) 332-3340

*Attorneys for Plaintiff and the Proposed Class*

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all counts so triable.

Dated: April 29, 2015    By:  */s/ Jonathan D. Selbin*_____

LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
Jonathan D. Selbin (California State Bar No. 170222;
admitted to the N.D. Ill. general bar)
Email:  jselbin@lchb.com
250 Hudson Street, 8th Floor
New York, NY  10013
Telephone:  (212) 355-9500
Facsimile:  (212) 355-9592

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Daniel M. Hutchinson (California State Bar No. 239458;
admitted to the N.D. Ill. general bar)
Email:  dhutchinson@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone:  (415) 956-1000
Facsimile:   (415) 956-1008

MEYER WILSON CO., LPA
Matthew R. Wilson (Ohio State Bar No. 0072925; admitted to the N.D. Ill. general bar)
Email: mwilson@meyerwilson.com
Michael J. Boyle, Jr. (Ohio State Bar No. 0091162; admitted to the N.D.Ill. general bar)
Email: mboyle@meyerwilson.com
1320 Dublin Road, Ste. 100
Columbus, OH 43215
Telephone: (614) 224-6000
Facsimile: (614) 224-6066

KIM LAW FIRM LLC
Yongmoon Kim (*pro hac vice* to be filed)
Email: ykim@kimlf.com
411 Hackensack Avenue, 2nd Floor
Hackensack, NJ 07601
Telephone: (201) 273-7117
Facsimile: (201) 273-7117

Laurel G. Bellows
lbellows@bellowslaw.com
Schuyler D. Geller
sgeller@bellowspc.com
BELLOWS & BELLOWS P.C.
The Rookery Building
209 South LaSalle Street, Suite 800
Chicago, IL 60604
Telephone: (312) 332-3340

*Attorneys for Plaintiff and the Proposed Class*

- 13 -